CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

APR 18 2006

JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| ROBIN A. HEATHERINGTON, | ) | CASE NO. 3:05CV00049 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| | ) | |
| JO ANNE B. BARNHART, Commissioner | ) | By: B. Waugh Crigler |
| of Social Security, | ) | U. S. Magistrate Judge |
| | ) | |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's November 5, 2003 claim for a period of disability, disability insurance benefits, and supplemental security income under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423 and 1381 *et seq.*, is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. For the reasons that follow, the undersigned will RECOMMEND that an order enter AFFIRMING the Commissioner's final decision, GRANTING the Commissioner's motion for summary judgment, and DISMISSING this case from the docket of the court.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge ("Law Judge") applied the sequential five-step process outlined in the Commissioner's regulations to determine whether the plaintiff was "disabled" under the Act. A Law Judge must consider, in sequence, whether a claimant: (1) is working, (2) has a severe impairment, (3) has an impairment that meets or equals the requirements of a listed impairment

making him disabled as a matter of law, (4) can return to his past work, and if not, (5) retains the capacity to perform specific jobs that exist in significant numbers in the national economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2005). The claimant bears the burden of production and proof in the first four steps of the inquiry. *See Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992) (*per curiam*). At the fifth step, the burden shifts to the Commissioner to prove that other jobs exist in the national economy that the claimant can perform. *See id.*

In this case, the Law Judge found that the plaintiff, who was 43 years old with the equivalence of a high school education and past relevant work as a landscaper and maintenance worker, had not engaged in substantial gainful activity since his alleged onset of disability date, June 14, 2003, and was insured for disability benefits through the date of the Law Judge's decision. (R. 12-13, 19.) The Law Judge determined that the plaintiff suffered a back impairment, which, though not severe enough to meet or equal any listed impairment, did prevent him from engaging in his heavy exertional past relevant work. (R. 15-16, 18-20.) The Law Judge found that the plaintiff's statements were not entirely credible, and although his treating physician had opined that plaintiff did not possess the functional capacity for gainful work, based on a capacities evaluation performed by a consultative examiner, the Law Judge found plaintiff possessed the functional capacity to perform less than a full, but nonetheless, a "wide range" of light work. (R. 17-19.). Specifically, the Law Judge determined that the plaintiff could lift 20 pounds occasionally and 10 pounds frequently, could stand/walk/sit for six hours in an eight hour workday, had an unlimited ability to push/pull, and could occasionally climb stairs/balance/stoop/kneel/crouch/crawl, but that plaintiff could not climb ladders/ropes/scaffolds. (R. 17, 19.)

2

Case 3:05-cv-00049-NKM-BWC   Document 15   Filed 04/18/06   Page 2 of 5   Pageid#: 54

Plaintiff appealed the Law Judge's decision to the Appeals Council. The Appeals Council found no basis in the record or in the reasons the plaintiff advanced on appeal to review the Law Judge's decision. (R. 4–6). Accordingly, the Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527- 404.1545 and 416.927-404.945; *Hayes v. Sullivan*, 907 F. 2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F. 2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence, which the court is to review for clear error or lack of substantial evidentiary support. 20 C.F.R. §§ 404.1527 and 416.927; *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

Plaintiff's arguments are rather straight forward. He believes the Law Judge failed to give proper and controlling weight to the evidence of his treating physician. (Pl.'s Brief at 9-11.) In particular, plaintiff contends that the Law Judge failed to articulate reasons and explain why he discredited the treating source's functional capacity evaluation in favor of that offered by the consultative examiner. If the Law Judge had credited plaintiff's treating physician, plaintiff points to the vocational evidence which essentially mandated a finding that he was disabled. (Pl.'s Brief at 3, 10.)

The Commissioner, on the other hand, offers that the medical and other evidence in the record substantially supports the Law Judge's decision not to give controlling weight to the

3

Case 3:05-cv-00049-NKM-BWC   Document 15   Filed 04/18/06   Page 3 of 5   Pageid#: 55

treating physician's assessment of plaintiff's functional capacity. Among other things, the Commissioner points to the objective test results showing only "minimal" changes, with negative results from leg-raising tests. (R. 149, 169-70, 174, 177, 189.) There was no evidence of a nerve impairment. Moreover, the Commissioner points to inconsistencies in what plaintiff related to his own treating sources on his periodic visits to the doctor, as well as the absence of any indication that more than conservative treatment was prescribed. The Commissioner believes this demonstrates an evidentiary basis for the Law Judge's decision not to fully credit plaintiff's complaints about the effects of his malady. The Commissioner also points out that the consultative evidence corroborates the DDS review evidence, and when all the medical evidence is taken into account, the court should find that the Law Judge's determination was consistent with the regulations and supported by the substantial medical and lay evidence.

Generally, the Law Judge and Commissioner must give "controlling weight" to opinions from treating sources, provided the treating source's opinion on the issues is supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. 20 C.F.R. §416.927(d)(2); *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996); *Ward v. Chater*, 924 F. Supp. 53, 56 (W.D. Va. 1996). Whenever controlling weight is not given to treating source evidence, the Law Judge must explain the decision to give weight to other medical sources. 20 C.F.R. § 404.1527(f)((2)(ii) and (iii).

In this case, the Law Judge gave limited weight to the evidence offered by Mark Goldberg, M.D., plaintiff's treating physician, in part because of the historical information contained in the reports of plaintiff's office visits. (R. 14, 149-170, 174, 176-177.) Despite the views held by plaintiff's treating source, when this evidence is considered along with that offered

4

by the consultative examiner, there is substantial evidence to support the Law Judge's decision. In addition, because the Law Judge specifically set forth references to the record and the reasons he did not accept the treating source evidence as controlling, his decision-making process conformed to the Commissioner's regulations.

Thus, it is RECOMMENDED that an order enter AFFIRMING the Commissioner's final decision, GRANTING the Commissioner's motion for summary judgment, and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/ 
U.S. Magistrate Judge

April 18, 2006
Date

5